**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

HENRY O. TYLER                                                                                             PLAINTIFF

v.                                             NO 4:08CV00583 JLH

UNIVERSITY OF ARKANSAS
FOR MEDICAL SCIENCES                                                                           DEFENDANT

**OPINION AND ORDER**

Henry O. Tyler brings this action against the University of Arkansas for Medical Sciences (UAMS) for employment discrimination in violation of 42 U.S.C. §§ 1981, 1983, and 2000(e). UAMS has moved to dismiss the complaint. UAMS argues that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because, as an arm of the state, the University of Arkansas is not a person that can be sued under section 1983, and that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

UAMS is a department of the University of Arkansas, not a separate corporate entity. ARK. CODE ANN. § 6-64-401 *et seq*. In *Assaad-Faltas v. Univ. of Ark. for Med. Sciences*, 708 F. Supp. 1026 (E.D. Ark. 1989), *aff'd*, 902 F.2d 1572 (8th Cir. 1990), the district court held that UAMS is not a corporate entity capable of being sued. 708 F. Supp. at 1029. In that case, the district court dismissed the plaintiff's complaint against UAMS for failure to state a claim upon which relief could be granted. *Id.* In *Univ. of Ark. for Med. Sciences v. Adams*, 354 Ark. 21, 117 S.W.3d 588 (2003), the Arkansas Supreme Court cited *Assaad-Faltas* in holding that UAMS is not a separate entity capable of suing or being sued. 354 Ark. at 24, 117 S.W.3d at 590. *See also Manns v. Univ. of Ark. Med. Ctr.*, 2008 WL 442295 (E.D. Ark. Feb. 13, 2008); *Harrison v. Univ. of Ark. for Med. Sciences*, 2007 WL 2819597 (E.D. Ark. Sept. 26, 2007).

Because UAMS is not an entity capable of being sued, Tyler's complaint has failed to state a claim for which relief may be granted. Therefore, the motion to dismiss is granted. Document #3. This action is dismissed without prejudice.

IT IS SO ORDERED this 25th day of August, 2008.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE